**In re GRAND JURY INVESTIGATION.**

**Grand Jury No. 76–5 (MIA).**

United States District Court,
S. D. Florida.

Jan. 18, 1977.

---

Charles A. Intriago, Asst. U.S. Atty., Robert W. Rust, U.S. Atty., S.D. Fla., Miami, Fla., for petitioner.

Neal R. Sonnett, Richard Essen, Miami, Fla., for respondents.

## OPINION AND ORDER

ARONOVITZ, District Judge.

THIS MATTER is before the Court upon the petition of the government for an Order holding a certain corporation and three individual principals of the corporation (hereinafter, collectively referred to as respondents) in criminal contempt for failure to deliver to the grand jury certain corporate records pursuant to a subpoena duces tecum issued on September 24, 1976, and upon the motion of respondents to quash said subpoena.

■ The issue in this case is narrowly drawn and appears to be one of first impression in this Circuit. Respondents contend that they should not be required to produce the records subpoenaed unless and until the government makes a preliminary showing by affidavit that the records are relevant to an ongoing investigation properly within the jurisdiction of the grand jury and are not sought primarily for another purpose. As authority for their contention, respondents rely principally upon *In re Grand Jury Proceedings,* 486 F.2d 85 (3rd Cir. 1973) (*"Schofield I"*), and *In re Grand Jury Proceedings,* 507 F.2d 963 (3rd Cir. 1975) (*"Schofield II"*), and they urge this Court to adopt the position of the Third Circuit as delineated in the two *Schofield* cases.[1]

The government argues that *Schofield* has not been recognized by the Fifth Circuit, or even by a majority of the Circuits, and to do so would have a "catastrophic" effect upon the proper functioning of the grand jury's investigative duties. Moreover, the government contends that the validity of the *Schofield* cases is questionable in light of the recent Supreme Court cases of *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), *United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973), *United States v. Calan-*dra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), and *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976).

After careful consideration of the memoranda and affidavits submitted by the parties and having heard oral argument at a hearing held January 12, 1977, the Court concludes that in the case *sub judice,* the respondents have challenged and moved to quash the grand jury subpoena duces tecum on the grounds, among others, that the items sought are not relevant to any lawful investigation, and thereupon, the government, in order to enforce the subpoena, should make a preliminary good faith showing sufficient to satisfy the Court that the records sought in the subpoena are relevant to an investigation properly within the grand jury's jurisdiction, and not sought primarily for another purpose. This conclusion, of course, requires a balancing of the interests of the public in the grand jury process and the rights of the individual to be protected from abuses of that process. In this regard, the Court agrees with Chief Judge Seitz's statement in his concurring opinion in *Schofield I*:

> "It seems to me that such a minimal requirement is almost indispensable if citizens are to be afforded minimum protection against the possible arbitrary exercise of power by a prosecutor through the use of the grand jury machinery." 486 F.2d at 94.

The Court is not convinced that its ruling herein will in any way impede the investigatory duties of the grand jury. *See Schofield II,* 507 F.2d at 966. Nor do we believe the holding to be in conflict with the recent Supreme Court cases cited above.

■ Having determined that the government should make a preliminary good faith showing that the documents subpoenaed are relevant to an ongoing grand jury investigation properly within its juris-

---

1. At least one other district court outside the Third Circuit has partially embraced the *Schofield* cases doctrine. *In re Grand Jury Subpoenas Duces Tecum Addressed to Certain Executive Officers of the M. G. Allen & Associates, Inc.,* 391 F.Supp. 991 (D.R.I.1975). *See also Universal Manufacturing Company v. United States,* 508 F.2d 684, 686 n.2 (8th Cir. 1975) (expressly declining to adopt *Schofield,* but finding that the *Schofield* requirements had been satisfied by the government).

diction and not sought primarily for another purpose, we now consider whether such a showing has been made in this case. At the hearing of January 12, 1977, pursuant to the Court's direction, Charles A. Intriago, the Assistant United States Attorney, assigned to this grand jury as its legal advisor, and as an officer of this Court, stated in open court that there was an ongoing grand jury investigation of the respondent corporation concerning possible violations of 18 U.S.C. Sections 1341 (mail fraud); 1343 (wire fraud); 1951, 1952, 1961 (racketeering); 1621 and 1623 (perjury and false declaration); 2 (aiding and abetting); and 371 (conspiracy); as well as possible violations of 26 U.S.C. Sections 7201 and 7206 (tax evasion).

Also at the Court's direction, testimony was elicited from the foreman of the present grand jury to establish that *prior* to the issuance of the subpoena, the grand jury was indeed investigating respondent corporation, at least as to possible violations of some of the statutes listed above. Thus, the government has met the first part of the required showing.[2]

Additionally, the Court is satisfied that the records under subpoena are relevant to the matters under investigation in that they can shed light upon the financial operations of the respondent corporation.

In view of the foregoing, therefore, it is—

ORDERED AND ADJUDGED as follows:

1. The government's petition for an Order holding respondents in contempt is hereby DENIED, inasmuch as respondents acted in good faith and were justified in their opposition to the subpoena prior to a preliminary showing by the government as indicated in this opinion.

2. The government having now made a sufficient showing, respondents' motion to quash the Subpoena Duces Tecum is hereby DENIED. Respondents shall deliver to the grand jury the records under subpoena on or before January 24, 1977, or risk being held in contempt of Court.

---

2. Respondents requested that counsel for the government file an affidavit attesting to his open court statements. The Court in its discretion finds that this is not necessary in this case as there was additional corroborative testimony adduced at the hearing. *Schofield II* indicates that the government may make the required preliminary showing in a variety of ways. 507 F.2d at 965. *See also In re Corrado Brothers, Inc.,* 367 F.Supp. 1126 (D.Del.1973) (representations by government attorney in open court held sufficient).